UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

V.                                                CRIMINAL NO. 3:03cr120-HTW

WALTER W. TEEL

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE PENDING RESENTENCING

The United States submits this Response in Opposition to Defendant Walter W. Teel's Motion for Release Pending Resentencing.

**I.   DEFENDANT HAS FAILED TO OVERCOME THE PRESUMPTION AGAINST RELEASE PENDING RESENTENCING UNDER THE BAIL REFORM ACT.**

Defendant Teel argues that Section 3143(b), Title 18, United States Code, supports his motion for release pending resentencing, because he *plans* in the future to file a Petition for Writ of Certiorari with the U.S. Supreme Court. However, he has not filed a Petition for Writ of Certiorari, and he did not petition for rehearing in the Fifth Circuit. Accordingly, the Fifth Circuit issued its mandate, returning the matter to this Court for resentencing. Since defendant has no pending appeal, most of the §3143(b) factors governing release pending appeal do not apply to him.

In *United States v. Olis*, 450 F.3d 583, 587 (5th Cir. 2006), the Fifth Circuit held that "§3143(b)'s "pending appeal" language envisions a defendant . . . who has a *pending* appeal on a matter. . . ." The Fifth Circuit in *Olis* did find that the reduced-sentence provision of §3143(b)(1)(B) would apply to a defendant like Teel who is awaiting sentencing but whose convictions have been affirmed; *but that it would not overcome the presumption against release pending resentencing*[1] if the defendant had not served all of his possible sentence. *Id.* at 586-87. Defendant Teel has not served all of his possible sentence, in fact, he has not served even half of his possible sentence. In explaining its reasoning, the Fifth Circuit quoted from a Seventh Circuit case:

> We cannot imagine any reason why a person whose convictions have been affirmed, and who faces [several] years in prison, should be released while the district judge decides whether (and if so, by how much) to increase the time remaining to be served. Breaking a sentence in the middle does not promote any end other than reducing the effective penalty by allowing a holiday, or worse, providing an opportunity to escape.

*Id.* at 586-87, quoting *United States v. Krilich*, 178 F.3d 859, 861-62 (7th Cir. 1999).

---

[1] *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987)(18 U.S.C. §3143 establishes a presumption against grant of such bail and the burden is on the defendant to prove all four factors by clear and convincing evidence).

## II. DEFENDANT HAS FAILED TO SHOW THAT RESENTENCING WILL RESULT IN A SENTENCE WITH SIGNIFICANTLY REDUCED IMPRISONMENT.

Defendant Teel was sentenced to 70 months on Count 13, and to 60 months on Counts 2, 9, and 10, all to run concurrently. The convictions on Counts 2 and 13 were reversed by the Fifth Circuit, but the convictions on Counts 9 and 10 were affirmed. The statutory maximum penalty for the affirmed convictions in Counts 9 and 10 is a total of ten (10) years, meaning this Court could sentence defendant to 120 months on those two affirmed convictions. Therefore, defendant cannot show that his resentencing will result in a sentence with reduced imprisonment. Even assuming the sentence were to be lowered to 60 months, defendant has not yet served even one-half of that length of time, and release on bail would be inappropriate. *Krilich*, 178 F.3d at 861-62.

Furthermore, the Fifth Circuit, in affirming defendant's convictions, held that this Court's finding of $1.5 million in restitution "*was appropriate*." *United States v. Whitfield*, 590 F.3d 325, 368 (5th Cir. 2009)(emphasis supplied). Because the $1.5 million was also the loss amount used by the Court in calculating the defendant's sentencing guidelines range, and because that amount was found

appropriate by the Fifth Circuit based on the evidence proved at trial,[2] it follows that the guideline range will not likely change at resentencing, and no sentence reduction will be forthcoming, eliminating any need for release pending resentencing. *Krilich*, 178 F.3d at 861-62.

                                                                Respectfully submitted,

                                                                *s/ Ruth R. Morgan*

| | |
|---|---|
| David H. Fulcher MS Bar#10179 | Ruth R. Morgan  MS Bar# 1996 |
| Assistant U.S. Attorney | Assistant U.S. Attorney |
| 188 E. Capitol St. Suite 500 | 1575 20th Avenue |
| Jackson, Ms 39201 | Gulfport, MS 39501 |
| 601-965-4480 | 228-563-1560 |
| | |
| | Ray Hulser |
| | Acting Chief, Public Integrity Section |
| | Peter Ainsworth |
| | Deputy Chief, Public Integrity Section |
| | Criminal Division |
| | U.S. Department of Justice |
| | 1400 New York Ave., NW |
| | Washington, D.C.  20530 |
| | 202-514-1412 |

---

[2] "The district court awarded USF&G $1.5 million in restitution, holding Minor and Teel jointly and severally liable for the full amount. We conclude that this was not error. If Teel had stayed *Peoples Bank* as requested until the Mississippi Supreme Court decided *Omnibank*, USF&G would have had no need to settle the case. Therefore, the $1.5 million restitution award was appropriate." *Whitfield*, 590 F.3d at 368.

CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2010, I electronically filed the foregoing Government's Response in Opposition to Defendant's Motion for Release Pending Resentencing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

George L. Lucas,  attorney for defendant.

*s/ Ruth R. Morgan*
Ruth R. Morgan
Assistant U.S. Attorney